UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL C. GRAY

      Plaintiff,                                CIVIL ACTION NO. 16-cv-13639

      v.                                        DISTRICT JUDGE NANCY G. EDMUNDS

CORRECTIONS OFFICER KING,
s                                                 MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [10] AND MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT [13]**

Plaintiff Earl C. Gray, a prisoner at the Ojibway Correctional Facility in Marenisco, Michigan, filed this *pro se* civil rights action against Defendant James S. King, a Corrections Officer with the Michigan Department of Corrections, on October 12, 2016. (Docket no. 1.) Plaintiff alleges that a group of inmates threatened to stab him, and that when he informed Defendant about the threats, Defendant told Plaintiff there was nothing Defendant could do unless Plaintiff revealed the names of the inmates. Plaintiff alleges that he did not know their names, and so nothing was done to protect him. Later that evening, Plaintiff claims he was attacked and stabbed, and then later transferred to a new facility. (*Id.* at 3.) Plaintiff claims that Defendant's alleged failure to protect Plaintiff from the attack violates the Eighth Amendment to the United States Constitution. (*Id.*)

Before the Court are Plaintiff's Motion to Amend his Complaint[1] (docket no. 10) and Plaintiff's Motion for Extension of Time so He Could File his Amended Complaint (docket no. 13). Defendant filed a Response to Plaintiff's Motion to Amend. (Docket no. 12.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 11.) The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f).

## I.     Governing Law & Analysis

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). Otherwise, "a party may amend its pleading only with opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Through his Motion to Amend, Plaintiff seeks to make a correction to the factual allegations asserted in his original Complaint. Specifically, Plaintiff originally alleged that the events underlying his claim took place on November 18, 2004. (Docket no. 1 at 3.) In the Motion to Amend, Plaintiff asserts that this was a mistake, and that the events actually took place on November 13, 2014. (Docket no. 10 at 4.) As will be discussed in the Court's forthcoming Report and Recommendation concerning Defendant's Motion to Dismiss, this correction brings

---

[1] The Motion to Amend (docket no. 10) is combined with Plaintiff's response to Defendant's pending Motion to Dismiss (docket no. 8), which the Court will address in a separate Report and Recommendation. The Court notes that under Eastern District of Michigan ECF Policies and Procedures Rule 5(e), "a response or reply must not be combined with a counter-motion." The Court will not strike this pleading and has considered both the Motion to Amend and the Response; however, Plaintiff is instructed not to combine responses with his own motions in the future.

2

Plaintiff's claim within the three-year statute of limitations period applicable to plaintiff's claims. *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (holding that Michigan's three-year statute of limitations for general personal injury claims found in Mich. Comp. Laws § 600.5805(10) is the applicable statute of limitations for 42 U.S.C. § 1983 claims).

Defendant has consented to the amendment in writing. (Docket no. 12-3 (correspondence between Plaintiff and counsel for Defendant, indicating that Defendant has "no objection to [Plaintiff] amending the complaint to correct the year to 2014")). The Court will therefore grant Plaintiff's Motion to Amend (docket no. 10) in accordance with Federal Rule of Civil Procedure 15(a)(2). The Court will also grant Plaintiff's Motion for Extension of Time to file his amended complaint (docket no. 13), as Defendant did not object, and Plaintiff's delay was not undue. The Court accepts the Amended Complaint filed at Docket no. 15 as Plaintiff's Amended Complaint, on which the parties should proceed for the remainder of this case. The Court will order Defendant to file a responsive pleading to the Amended Complaint within fourteen (14) days after entry of this Opinion and Order, in accordance with Federal Rule of Civil Procedure 15(a)(3).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (docket no. 10) and Plaintiff's Motion for Extension of Time (docket no. 13) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant must file a responsive pleading to Plaintiff's Amended Complaint at Docket no. 15 within fourteen (14) days after entry of this Opinion and Order.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:  July 14, 2017		s/ Mona K. Majzoub
				MONA K. MAJZOUB
				UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated:   July 14, 2017		s/ Lisa C. Bartlett
				Case Manager

4