**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EARL C. GRAY

    Plaintiff,                          CIVIL ACTION NO. 16-cv-13639

    v.                                DISTRICT JUDGE NANCY G. EDMUNDS

CORRECTIONS OFFICER KING,
                                         MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Earl C. Gray, a prisoner at the Ojibway Correctional Facility in Marenisco, Michigan, filed this *pro se* civil rights action against Defendant James S. King, a Corrections Officer with the Michigan Department of Corrections, on October 12, 2016. (Docket no. 1.) Plaintiff alleges that a group of inmates threatened to stab him, and that when he informed Defendant about the threats, Defendant told Plaintiff there was nothing Defendant could do unless Plaintiff revealed the names of the inmates. Plaintiff alleges that he did not know their names, and so nothing was done to protect him. Later that evening, Plaintiff claims he was attacked and stabbed, and then later transferred to a new facility. (*Id.* at 3.) Plaintiff claims that Defendant's alleged failure to protect Plaintiff from the attack violates the Eighth Amendment to the United States Constitution. (*Id.*)

Before the Court is Defendant's Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket no. 8.) Plaintiff filed a Response.[1] (Docket no. 10.) All

---

[1] Plaintiff's Response to Defendant's Motion to Dismiss is combined with a Motion to Amend his Complaint (docket no. 10), which the undersigned has granted in a separately issued Opinion and Order.

pretrial matters have been referred to the undersigned for consideration. (Docket no. 11.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

## I. Recommendation

For the reasons that follow, the undersigned recommends that Defendant's Motion to Dismiss (docket no. 8) be **DENIED**.

## II. Report

### A. Governing Law & Analysis

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

The undersigned notes that under Eastern District of Michigan ECF Policies and Procedures Rule 5(e), "a response or reply must not be combined with a counter-motion." The undersigned will not strike this pleading and has considered both the Response and the Motion to Amend; however, Plaintiff is instructed not to combine responses with his own motions in the future.

The only argument Defendant advances in his Motion to Dismiss (docket no. 8) is that Plaintiff's claim is barred by the three-year statute of limitations applicable to claims filed pursuant to 42 U.S.C. § 1983. *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (holding that Michigan's three-year statute of limitations for general personal injury claims found in Mich. Comp. Laws § 600.5805(10) is the applicable statute of limitations for 42 U.S.C. § 1983 claims). Plaintiff's original Complaint stated that the incidents giving rise to his claim occurred on November 18, 2004 (docket no. 1 at 3), which would clearly place his claim outside the limitations period. However, after Defendant filed his Motion to Dismiss, Plaintiff filed a Motion to Amend his Complaint, through which Plaintiff asserts that the incidents actually occurred on November 13, 2014, and that he mistakenly wrote the 2004 date in his original Complaint. (Docket no. 10 at 4.)

Defendant consented to Plaintiff amending his Complaint, and so the undersigned has granted the Motion to Amend in a separately-issued Opinion and Order. If the incidents occurred on November 13, 2014, and Plaintiff's Complaint was filed on October 12, 2016, then Plaintiff's 42 U.S.C. § 1983 claim is not barred by the statute of limitations. The Amended Complaint effectively negates the merits of Defendant's Motion to Dismiss, and therefore the Motion to Dismiss should be denied.

### B. Conclusion

For the above-stated reasons, the undersigned recommends that Defendant's Motion to Dismiss (docket no. 8) be **DENIED**.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

3

provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Eastern District of Michigan Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 14, 2017        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated:  July 14, 2017        s/ Lisa C. Bartlett
                            Case Manager

4