UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL C. GRAY,

        Plaintiff,                      CIVIL ACTION NO. 16-cv-13639

    v.                                DISTRICT JUDGE NANCY G. EDMUNDS

CORRECTIONS OFFICER KING,    MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Earl C. Gray filed this *pro se* civil rights action against Defendant James S. King, a Corrections Officer with the Michigan Department of Corrections ("MDOC"). (Docket no. 1.) Plaintiff alleges that a group of inmates threatened to stab him, and that when he informed Defendant about the threats, Defendant failed to take proper actions to protect him. Plaintiff asserts that hours after he complained to Defendant, he was attacked and stabbed. (*Id.* at 3.) Plaintiff claims that Defendant's alleged failure to protect him from the attack violates the Eighth Amendment to the United States Constitution. (*Id.*)

Before the Court is Defendant's Motion for Summary Judgment. (Docket no. 20.) Defendant asserts that Plaintiff failed to exhaust all administrative remedies. This matter has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 11.) The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f).

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant's Motion for Summary Judgment [20] be **GRANTED** and that this matter be dismissed.

**II.    REPORT**

   **A. Background**

Plaintiff Earl C. Gray asserts that on November 13, 2014, he informed Defendant James S. King, a corrections officer at Central Michigan Correctional Facility, that a group of inmates at the facility threatened to stab Plaintiff. (Docket no. 15, p. 2.) According to Plaintiff, Defendant claimed that he was unable to assist Plaintiff unless he knew the names of the inmates who threatened him. (*Id.*) Plaintiff submits that at approximately 8:00 p.m. that day, he was stabbed and beaten by a group of inmates. (*Id.*)

Plaintiff submits that, after receiving medical treatment for injuries sustained in the assault, he was transferred to a different correctional facility on November 17, 2014. (Docket no. 22, p. 1.) On November 18, 2014, Plaintiff filed a Step I grievance on form CSJ-247A, and mailed it to the grievance coordinator at Central Michigan Correctional Facility. (*Id.* at 5.) Plaintiff asserts that he received no response to his Step I grievance, and proceeded to file Step II and Step III grievances with the grievance coordinator. (*Id.* at 1.) Although Plaintiff asserts that he filed his Step II and Step III grievances on CSJ-247B forms (*id.*), copies of these filings attached to Plaintiff's briefing demonstrate that both were filed on form CSJ-247A. (*Id.* at 6 (December 1, 2014 grievance), 7 (December 11, 2014 grievance).) Neither the purported Step II grievance nor the purported Step III grievance indicates an intention to appeal the outcome of the Step I grievance. (*Id.*)

On October 10, 2016, Plaintiff filed this action, contending that Defendant's alleged failure to protect Plaintiff from the attack violates the Eighth Amendment to the United States Constitution. (*Id.*) Defendant moves for summary judgment, contending that Plaintiff failed to exhaust his administrative remedies. (Docket no. 20.)

### B. Standard of Review

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 43.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

3

242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

In responding to a motion for summary judgment based on failure to exhaust available administrative remedies, it is not the prisoner's burden to plead or prove that he has successfully done so. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, failure to exhaust administrative remedies is an affirmative defense, *Jones*, 549 U.S. at 216, and so Defendants carry the burden of persuasion on the issue, *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012). "In cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's 'initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Surles*, 678 F.3d at 455–56 (quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). In such cases, "[s]ummary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Id.* (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

**C. Analysis**

Defendant contends that Plaintiff failed to properly exhaust his administrative remedies. (Docket no. 20, p. 6.) In support, Defendant asserts that "[e]ach grievance received at Step III, including those which may be rejected, shall be logged on a computerized grievance tracking system," and that this database contains no Step III grievances filed by Plaintiff. (Docket no. 20, p. 12.) As discussed more fully below, the record in this matter demonstrates that Plaintiff failed

4

to file a proper Step II or Step III grievance, and the Court should grant Defendant's motion for summary judgment.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust all administrative remedies before filing a Section 1983 action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (citation omitted).

MDOC's administrative policies (see docket no. 24-2) require a prisoner to file a Step I grievance within five days of attempting to informally resolve the grievable issue with prison staff. MDOC Policy Directive 03.02.130(V). A grievant shall use a Prisoner/Parolee Grievance (CDJ-247A) to file a Step I grievance. MDOC Policy Directive 03.02.130(R). MDOC is required to respond within fifteen business days, unless an extension is granted. MDOC Policy Directive 03.02.130(X). If the prisoner is dissatisfied with the Step I response, or if he did not receive a timely response, he may file an appeal, referred to as a Step II grievance. MDOC Policy Directive 03.02.130(BB). To file a Step II grievance, the grievant must request a Prisoner/Parolee Grievance Appeal (CSJ-247B) from the Step I Grievance Coordinator and send the completed form to the Step II Grievance Coordinator . . . within ten business days after

5

receiving the Step I response or, if no response was received, within ten business days after the date the response was due, including any extensions. *Id.* A similar procedure applies to the Step III grievance process in that if a prisoner is dissatisfied with the Step II response, the prisoner "must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form [], to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due . . . ." MDOC Policy Directive 03.02.130(FF). A prisoner's administrative remedies are exhausted once his complaints have been grieved "through all three steps of the grievance process in compliance with [the] policy." MDOC Policy Directive 03.02.130(B).

Defendant submits that Plaintiff failed to exhaust his administrative remedies because the MDOC database of Step III grievances contains no record of a Step III grievance filed by Plaintiff. (Docket no. 20, p. 12 (citing MDOC Policy Directive 03.02.130(GG)).) Plaintiff contends that he filed a Step I grievance, and that he has "not received a response for it." (Docket no. 22, p. 1.) Having received no response to his initial grievance, Plaintiff filed his purported Step II and Step III grievances on form CSJ-247A, which, as discussed above, is used only for Step I grievances. (Docket no. 22, pp. 6-7.) Step II and Step III grievances should be filed on form CSJ-247B. In addition, nothing on Plaintiff's purported Step II and Step III grievances indicates that Plaintiff intended to appeal the rejection of (or failure to respond to) a previously filed grievance. (*See id.*)

Accordingly, Plaintiff failed to exhaust his administrative remedies in compliance with the MDOC grievance policy. The undersigned has considered that a prisoner is required to exhaust "only those procedures that he is reasonably capable of exhausting." *Braswell v. Corr. Corp. of Am.*, 419 Fed.Appx. 622, 625 (6th Cir. 2011). In addition, the undersigned observes

6

that "if the plaintiff contends that he was prevented from exhausting his remedies [the defendant] must . . . present evidence showing that the plaintiff's ability to exhaust was not hindered." *Surles*, 678 F.3d 452, 457 n. 10 (6th Cir. 2012). However, Plaintiff has yet to present a credible argument that he was not "reasonably capable" of submitting Step II and Step III grievances on the proper CSJ-247B form. Plaintiff contends that he received no response to his Step I grievance, but does not argue that this circumstance precluded him from filing a proper Step II appeal. Plaintiff's claims against Defendant should therefore be dismissed.

### D. Conclusion

For the reasons stated herein, it is recommended that Defendant's Motion for Summary Judgment [20] be **GRANTED** and that this matter be dismissed.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 24, 2018          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Earl C. Gray and counsel of record on this date.

Dated: January 24, 2018          s/ Leanne Hosking
                                 Case Manager