UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL C. GRAY,

    Plaintiff,

v.

CORRECTIONS OFFICER KING,

    Defendants.

                                /

Case No. 16-13639

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 16, 2018 REPORT AND RECOMMENDATION [25]**

**I.   Introduction**

Plaintiff Earl Gray, a prisoner at the Ojibway Correctional Facility in Marenisco, Michigan, filed this *pro se* civil rights case under 42 U.S.C. § 1983, against Defendant James S. King, a Corrections Officer with the Michigan Department of Corrections ("MDOC"), in October 2016. (Dkt. 1.) He amended the complaint in May 2017, without objection, to correct an minor date error. (Dkt. 15.) Plaintiff filed the civil rights complaint asserting Defendant violated his Eighth Amendment Constitutional rights, when he failed to protect Plaintiff from an attack by fellow inmates.

**II.   Statement of Facts**

Plaintiff alleges that, on November 13, 2014, three inmates threatened to stab him. According to Plaintiff, he informed Defendant about the threats fearing for his safety. Plaintiff claims, Defendant stated he would be unable to assist Plaintiff unless he knew the names of the inmates who had threatened him. (Pl. Amend. Compl., Dkt. 15, at 2; PgID

56.) Plaintiff alleges that he did not know their names, and so Defendant did nothing. Plaintiff claims Defendant said, "Welcome to prison, son." Later that evening, around 8pm, Plaintiff submits the group of inmates that had threatened him, attacked and stabbed him. (Dkt. 15, at 3.) MDOC provided Plaintiff with medical treatment for the injuries sustained in the assault. MDOC then transferred Plaintiff to a new facility on November 17, 2014. (Dkt. 22, at 1; PgID 105.)

Before the Court is Magistrate Judge Majzoub's Report and Recommendation to grant Defendants' Motion for Summary Judgment [20], because Plaintiff failed to exhaust administrative remedies prior to filing his Complaint. Plaintiff has since lodged two objections to the Magistrate Judge's Report and Recommendation, which the Court considers here. (Dkt. 26.) For the reasons that follow, the Court OVERRULES Plaintiff's objections, ADOPTS the Report and Recommendation, and DISMISSES the case.

### III. Standard of Review

This Court performs a *de novo* review of those portions of Magistrate Judge Majzoub's Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties

2

and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981)).

## IV. Analysis

Plaintiff's first objection asserts Magistrate Judge Majzoub erred by referencing facts Plaintiff claims are inaccurate. Plaintiff claims "I never made a statement in my previous briefings to filing a Step II or Step III grievance form because the grievance coordinator / administration for the Central Michigan Correctional Facility failed to respond and provide me with an identification # for my Step I grievances." (Pl. Obj. to R&R, Dkt. 26, at 1; PgID 131.) Magistrate Judge Majzoub referenced in the Report and Recommendation that "Plaintiff asserts that he received no response to his Step I grievance, and proceeded to file Step II and Step III grievances with the grievance coordinator." (Report & Recommendation, Dkt. 25, at 2; PgID 124)(citing Pl. Resp. to D. Mot. for Sum. J., Dkt. 22, p. 1; PgID 105.) Despite Plaintiff's current claims, Plaintiff's Response to Defendant's Motion for Summary Judgment did state he had filed Step II and Step III grievances. "I have not received a response for [the Step I grievance] or for the step II and step III, (CSJ 247B) grievance forms I filed and mail to the said facility's grievance coordinator." (Pl. Resp. to D. Mot. for Sum. J., Dkt. 22, p. 1; PgID 105.) The Report and Recommendation properly references Plaintiff's attempts to file Step II and Step III, grievance forms, although the full record shows Plaintiff failed to file them properly.

"No action shall be brought with respect to prison conditions under section 1983. . . .or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with

stat procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 458 U.S. 81, 90-91 (2006). "[P]roper exhaustion of administrative remedies. . . .means using all steps that the agency holds out, and doing so properly (sot that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (citation omitted).

Plaintiff's first objection argues he never filed a Step II and Step III grievance, in contradiction with his earlier statement. In this instance, whether Plaintiff never filed the grievances or whether he filed them incorrectly, neither will overcome Plaintiff's obligation, to first exhaust his remedies under the proper procedural rules. Plaintiff did not successfully exhaust his remedies and Plaintiff's first objection only supports this conclusion. For this reason Plaintiff's objection fails.

Plaintiff's second objection indicates he was prevented from exhausting his remedies when he was transferred to another facility, days after the incident at the center of this matter. This argument is unavailing. A prisoner's transfer does not relieve him of the obligation to exhaust administrative remedies. *See Price v. Jordan*, No. 14-10194, 2016 WL 5109534, at *3 (E.D. Mich. Aug. 8, 2016)(collecting cases finding that prisoner's transfer does not relieve the obligation to exhaust administrative remedies). Moreover, Plaintiff's explanation is undermined by the three CSJ-247A grievance forms he did file. Plaintiff filed his first grievance report on Tuesday, November 18, 2014, immediately after the incident, well within the five business day limit for filing the Step I grievance report, and contemporaneous with his transfer. (Dkt. 22, at 5; PgID 109.) After filing the initial report, Plaintiff was required to continue to the next step within the procedural rules, even if he received no response. Michigan Dep't of Corrections, Policy Directive 03.02.130, ¶G. "[A]n

4

inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)(citing *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997)).

    For the reasons thus states, the Court OVERRULES Plaintiff's objections, ADOPTS the Magistrate Judge's Report and Recommendation, and DISMISSES the complaint.

    SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 22, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager